UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: TIKTOK, INC., CONSUMER
PRIVACY LITIGATION                                                                                    MDL No. 2948


**TRANSFER ORDER**

     **Before the Panel**:[*] Plaintiff in an action pending in the Southern District of Illinois moves under 28 U.S.C. § 1407 to centralize this litigation in that district. The litigation consists of the ten actions listed on the attached Schedule A, five in the Northern District of California, four in the Northern District of Illinois, and one in the Southern District of Illinois. The Panel has been notified of nine potentially-related actions.[1] All responding parties, including defendants,[2] support centralization, but differ as to an appropriate transferee district. Suggested districts include the Central District of California, the Northern District of California, the Northern District of Illinois, and the Southern District of Illinois.

     After considering the arguments of counsel,[3] we find that these actions involve common questions of fact, and that centralization will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The common factual issues concern defendants' TikTok app, a highly popular social networking app used to create and share short videos. Plaintiffs in all actions challenge defendants' conduct with respect to the scanning, capture, retention, and dissemination of the facial geometry and other biometric information of users of the app. Centralization will eliminate duplicative discovery and the possibility of inconsistent rulings on class certification and other pretrial matters, as well as conserve judicial and party resources.

     We select the Northern District of Illinois as transferee district. Four of the ten actions, as well as three potential tag-along actions, are pending in the Northern District of Illinois, and have

---

    [*]    One or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

    [1]    These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

    [2]    TikTok, Inc., ByteDance Inc., Beijing Bytedance Technology Co. Ltd., and Musical.ly.

    [3]    In light of the concerns about the spread of COVID-19 virus (coronavirus), the Panel heard oral argument by video conference at its hearing session of July 30, 2020. *See* Suppl. Notice of Hearing Session, MDL No. 2946 (J.P.M.L. July 14, 2020), ECF No. 63.

been proceeding in an organized fashion (for example, the actions have been consolidated, interim lead plaintiffs' counsel has been appointed, and a consolidated complaint has been filed).  And, although common defendants ByteDance, Inc., and TikTok, Inc., are headquartered in California, they support selection of the Northern District of Illinois,[4] as do multiple plaintiffs.  The Honorable John Z. Lee, to whom we assign the litigation, is an experienced jurist.  He is presiding over the related Northern District of Illinois actions, and has been actively managing them to date.  We are confident that he will steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois, and, with the consent of that court, assigned to the Honorable John Z. Lee for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

---

[4] Specifically, in their response, defendants state that they "equally" support centralization in either the Northern District of Illinois or the Northern District of California.  Defs.' Joint Response at 1 (ECF No. 30).

**IN RE: TIKTOK, INC., CONSUMER PRIVACY LITIGATION**　　　　　　　　MDL No. 2948

## SCHEDULE A

Northern District of California

IN RE: TIKTOK, INC. PRIVACY LITIGATION, C.A. No. 5:19-07792
P.S., ET AL. v. TIKTOK, INC., ET AL., C.A. No. 5:20-02992
D.M., ET AL. v. TIKTOK, INC., ET AL., C.A. No. 5:20-03185
R.S., ET AL. v. TIKTOK, INC., ET AL., C.A. No. 5:20-03212
S.A. v. TIKTOK, INC., ET AL., C.A. No. 5:20-03294

Northern District of Illinois

E.R. v. TIKTOK, INC., ET AL., C.A. No. 1:20-02810
MARKS v. TIKTOK, INC., C.A. No. 1:20-02883
D.H. v. TIKTOK, INC., ET AL., C.A. No. 1:20-02884
L.B. v. TIKTOK, INC., C.A. No. 1:20-02889

Southern District of Illinois

A.S. v. TIKTOK, INC., ET AL., C.A. No. 3:20-00457